# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ALAN McANULTY,** : | |
| Plaintiff : | |
| : | **CIVIL NO. 3:CV-13-3104** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **SUPT. VINCENT MOONEY,** *et al.*, : | |
| Defendants : | |

# M E M O R A N D U M

## I. Introduction

On December 30, 2013, Richard Alan McAnulty, an inmate housed at the Coal Township State Correctional Institution (SCI-Coal Township), in Coal Township, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 challenging the adequacy of the health care he is receiving for his various chronic medical conditions, limited access to legal research materials, denial of visitors, denial of a medical transfer, and the confiscation of personal letters and legal materials. (Doc. 1, Compl.)

Presently before the Court is Mr. McAnulty's motion for counsel based on his limited knowledge of the law, limited access to the law library and legal materials. He also alleges that his various chronic medical conditions make writing difficult and impede his ability to concentrate and form reasonable thoughts. *See* Doc. 4. For the reasons that follow, Mr. McAnulty's motion will be denied without prejudice.

## II. Discussion

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court as "broad discretion" to determine whether counsel should be appointed. *Montgomery,* 294 F. 3d at 498. The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)).  After examining the above factors, the Court will deny Mr. McAnulty's present motions for counsel without prejudice.

This case is in its procedural infancy.  The Court has only recently directed service of the Complaint.  Defendants will either challenge the legal basis of the Complaint or file an answer.  Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Additionally, although Mr. McAnulty may have difficulty writing and concentrating due to his medical conditions, he has not alleged sufficient facts, nor do his submissions demonstrate, a mental incompetence or other inability that would prevent him from proceeding *pro se* at this juncture in the litigation.  To date, Mr. McAnulty's Complaint and motion for counsel, are clearly worded and present a logical concise arguments.  To the extent that Mr. McAnulty's request for counsel is based on the fact of his incarceration or his indigent status, these facts also do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Mr. McAnulty has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own at this point.  Consequently, at this time Mr. McAnulty's request for counsel will be denied.  However, Plaintiff may file another motion for appointment of counsel if circumstances change.

An appropriate Order follows.

                                                  /s/ A. Richard Caputo
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**

**Date: January  7  , 2014**