IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD ALAN McANULTY, :
:
    Plaintiff :
: CIVIL NO. 3:CV-13-3104
v. :
: (Judge Caputo)
SUPT. VINCENT MOONEY, et al., :
:
    Defendants :

MEMORANDUM

I.    Introduction

Richard Alan McAnulty, an inmate housed at the Coal Township State Correctional Institution (SCI-Coal Township), in Coal Township, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging defendants' deliberate indifference to his various medical needs (hypertension, diabetes, fibromyalgia, cervical spine ailments, and other geriatric illnesses). (Doc. 19, Am. Compl.)

Presently before the Court is Mr. McAnulty's second motion for counsel based on his limited knowledge of the law, limited access to the law library and legal materials. He recites his unsuccessful efforts to obtain legal counsel in this matter on his ow while noting that he cannot timely address the defendants' motions to dismiss "without the help of legal counsel due to [his] limited access to legal materials and limited law library time." (Doc. 27, Second Mot. for Counsel.)

For the reasons that follow, Mr. McAnulty's motion will be denied without prejudice.

## II. Discussion

A *pro se* litigant proceeding *in forma pauperis* does not have a constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). However, Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court as "broad discretion" to determine whether counsel should be appointed. *Montgomery*, 294 F. 3d at 498. The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). After examining the above factors, the Court will deny Mr. McAnulty's present motions for counsel without prejudice.

As Mr. McAnulty notes, pending before the court are two motions to dismiss the amended complaint. One filed by the Department of Corrections defendants (Doc. 24), and the other filed by PA Daya (Doc. 30). Until these motions are addressed, the court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Mr. McAnulty's motion for the appointment of counsel, is premised on the same factual circumstances under which the majority of *pro se* incarcerated litigants operate: indigent status; lack of legal training; and limited access to the law library. Those facts alone do not warrant the appointment of counsel. Plaintiff is clearly literate, and while it is true he is incarcerated, he appears able to litigate this action on his own. Additionally, notably absent from Mr. McAnulty's motion for counsel is any suggestion that he cannot, given sufficient time and the court's liberal construction of *pro se* pleadings, see *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), complete the necessary responses to defendants' motions to dismiss. Moreover, any concern Mr. McAnulty may have at this point regarding trial preparation is premature. Upon resolution of the defendants' motions to dismiss and the merit of the standing claims is established, the court will be better placed to estimate the complexity of the necessary discovery that the parties must undertake to advance the case. However, at this point in the litigation, given Mr. McAnulty's ability to articulate his claims and represent himself, the court concludes

that the above factors do not weigh in favor of the appointment of counsel. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

An appropriate Order follows.

_____
A. RICHARD CAPUTO
**United States District Judge**

Date: May 5, 2014